IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| RELCO LOCOMOTIVES, INC., | ) | |
| | ) | CASE NO. 4:17-cv-306 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RALCO LLC, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, RELCO Locomotives, Inc. ("Plaintiff"), by its attorneys, for its Complaint against RALCO, LLC ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Illinois and registered with the State of Iowa under Iowa Code 490, with a business office located at 12 Washington Avenue East, Albia, Iowa, 52531 and its operations facility located at 2074 653rd Avenue, Albia, Iowa, 52531.

2. Defendant is a limited liability company organized and existing under the laws of the State of Illinois, with a principal place of business at 200 S. Wacker Drive, Suite 3100, Chicago, Illinois, 60606.

**JURISDICTION AND VENUE**

3. This is a civil action for trademark infringement, unfair competition, injunctive relief, and damages arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1051 et seq., and applicable state laws, and unjust enrichment. This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367.

4. Personal jurisdiction is proper in this Court because Defendant solicits business in the State of Iowa through its website. Defendant thus has purposefully availed itself of the privilege of soliciting business in Iowa, has entered its products in Iowa's stream of commerce, and Defendant's conduct has caused injury to Plaintiff in Iowa. On information and belief, the Defendant conducts business transactions in Iowa sufficient to merit personal jurisdiction, including the solicitation of business within the state and the transportation of railcars within the state. The present lawsuit relates to Defendant's business transactions and infringement occurring in Iowa and throughout the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the trademark infringement and other illegal conduct complained of herein has occurred and is occurring in this judicial district, where Defendant executes business transactions in Iowa.

## JURY DEMAND

6. Plaintiff demands a jury for all issues in this case triable as such, pursuant to FRCP 38(b)(1).

## PLAINTIFF'S USE OF THE MARKS

7. Plaintiff is a provider of national locomotive and railcar manufacturing, rebuilding, and repairing services, and locomotive leasing and maintenance, including coordination and marketing of their services online via their website at http://www.relcolocomotives.com. A copy of Plaintiff's website is attached hereto as Exhibit 1 and incorporated herein by this reference.

8. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,370,681 and 4,370,680 for "RELCO" and the RELCO Logo, respectively, for "new, used, rebuilt and remanufactured locomotives and railcars; retail store services and online retail store services featuring new, used, rebuilt and remanufactured locomotives and railcars and their components; locomotive and railcar repair and maintenance services; and locomotive and railcar manufacturing to the order and/or specification of others," which were first used at least as early as 2000 and 2011.

9. Plaintiff is also the owner of U.S. Trademark Registration Nos. 2,575,467 and 2,666,032 for "RELCO" and the RELCO Logo for "retail store services featuring remanufactured locomotives and their components", which were first in use at least as early as 2000 and 2001.

10. Plaintiff's Trademark Nos. 4,370,681; 4,370,680; 2,575,467; and 2,666,032 are hereafter collectively referred to as the "Marks". A copy of the Registration for the Marks is attached hereto as Exhibit 2 and incorporated herein by this reference.

11. The Plaintiff is the sole owner and has the exclusive right to use the Marks.

12. Plaintiff has spent significant time and resources developing consumer and industry recognition and goodwill in its Marks.

**DEFENDANT'S INFRINGING ACTIVITIES**

13. Defendant operates a national service for acquiring, managing, and leasing railroad rolling stock and other transportation assets on net or full service leases.

14. On information and belief, Defendant began using the name RALCO in commerce no earlier than August 2012.

15. Defendant prominently uses variations of the RALCO mark to advertise for services that are substantially similar to those offered by Plaintiff. Defendant advertises these services in a variety of venues, including but not limited to online advertisements on Defendant's website, http://www.ralcoleasing.com/. The use of the RALCO mark on the Defendant's website is shown on the copy of a page of Defendant's website attached hereto as Exhibit 3 and incorporated herein by this reference.

16. Defendant's intentional use of the highly similar RALCO mark is confusingly similar to Plaintiff's RELCO Marks and is therefore likely to cause confusion, mistake, and deception among consumers as to whether Defendant's services are associated with, originate from, or are otherwise sponsored by or affiliated with Plaintiff.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)

17. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 16.

18. This Count states a claim arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is an action for infringement of Plaintiff's federally registered trademarks.

19. Plaintiff owns the above referenced Marks and uses them in connection with national locomotive and railcar manufacturing, rebuilding, and repairing, and locomotive leasing and maintenance. Plaintiff uses these important and valuable Marks as a designation of the source and quality of Plaintiff's goods and services.

20. Defendant is intentionally using the RALCO mark, which is confusingly similar to Plaintiff's Marks, in a manner that is likely to confuse, deceive and/or cause mistake among

consumers. Consequently, Defendant is infringing Plaintiff's Marks in violation of 15 U.S.C. § 1114(1).

21. There is no affiliation, connection, or association between Plaintiff and Defendant that would permit Defendant to use the RALCO mark. Plaintiff does not sponsor or approve of Defendant's services. Plaintiff is not the origin of Defendant's services. Further, Defendant is not certified by the Plaintiff.

22. Plaintiff has no adequate remedy at law for Defendant's infringement of the Marks, in that:

    i. Plaintiff's Marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages;

    ii. the injury to Plaintiff resulting from the infringement is not precisely and fully ascertainable;

    iii. the infringement injures, and threatens to continue to injure, Plaintiff's reputation and goodwill; and

    iv. the injury resulting to Plaintiff from Defendant's wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

23. Unless restrained, Defendant's infringement of Plaintiff's Marks will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendant, and its agents, officers, employees and others acting in concert with them, from directly or indirectly infringing Plaintiff's Marks in any manner, including by its use of the RALCO mark, or any other trade name, mark, domain name, design or logo that is confusingly

similar to Plaintiff's Marks that appear in Exhibits 1 and 2, in connection with the sale, offer for sale, advertising or promotion of any goods or services related to Plaintiff's goods or services, including providing national locomotive and railcar manufacturing, rebuilding, and repairing, and locomotive leasing and maintenance and the coordination of such services online.

24. Plaintiff is further entitled to recover: (1) damages sustained in consequence of Defendant's wrongful conduct, in an amount to be determined; (2) Defendant's profits; and (3) Plaintiff's attorneys' fees and costs herein. Based upon the circumstances of the case, including the willful nature of Defendant's conduct, Plaintiff is further entitled to recover treble damages in the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(a) et seq.

25. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein.

26. This Count states a claim arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is an action for unlawful use of Plaintiff's Marks.

27. The acts of Defendant alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's products or services with those goods or services of Plaintiff, or as to the sponsorship, or approval of Defendant's products or activities by Plaintiff.

28. Defendant's use of Plaintiff's Marks has caused and is causing dilution of the distinctive quality of Plaintiff's Marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. §1125(c)(1).

29. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of Defendant, in that:

   i. Defendant's action injures, and threatens to continue to injure, Plaintiff's valuable assets, injury to which cannot adequately be compensated by monetary damages;

   ii. the injury to Plaintiff resulting from Defendant's wrongful actions is not precisely and fully ascertainable;

   iii. the wrongful acts by Defendant injure, and threaten to continue to injure, Plaintiff's reputation and goodwill; and

   iv. the injury resulting to Plaintiff from Defendant's wrongful conduct, and the conduct itself, are continuing.

30. Unless restrained, the foregoing wrongful acts of Defendant will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter. Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendant, and its agents, officers, employees and others acting in concert with them, from directly or indirectly:

   i. manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service which tends to relate or connect such product or service in any way to Plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with Plaintiff;

   ii. using the RALCO mark, or any other trade name, mark, domain name, corporate name, design, or logo, that is confusingly similar to Plaintiff's Marks; and/or

      iii.    making any false description or representation of origin concerning any goods or services offered for sale by Defendant or by Plaintiff.

31. Plaintiff is further entitled to recover damages sustained in consequence of (1) Defendant's wrongful conduct, in an amount to be determined; (2) Defendant's profits; and (3) Plaintiff's attorney's fees and costs herein.  Based upon the circumstances of the case, including the willful nature of Defendant's conduct, Plaintiff is further entitled to recover treble damages in the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## COUNT III
## UNJUST ENRICHMENT

32. Plaintiff incorporates and re-alleges paragraphs 1 through 31, as if fully set forth herein.

33. Through its wrongful use of Plaintiff's Marks, described above, Defendant has been able to identify and communicate with Plaintiff's prospective customers, and to promote its competing products and services to these customers.

34. Through wrongful use of Plaintiff's Marks, described above, Defendant has been able to divert to itself the goodwill built by the Plaintiff over many years.  Defendant has appropriated this goodwill and these commercial opportunities without cost or expense to itself.

35. As a result of the wrongful actions described above, Defendant has obtained substantial sales, revenues, and profits, without associated costs or expenditures.

36. Defendant would be unjustly enriched by the retention of profits or cost savings realized by its wrongful acts, above.

37. Under the common law of the State of Iowa, as well as the corresponding common law of the State of Illinois, Defendant is liable to Plaintiff for disgorgement of such profits, and in any other amount by which Defendant has been unjustly enriched.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, RELCO Locomotives, Inc., requests that the Court declare and judgment be entered in favor of Plaintiff as follows:

1. On each and every claim for relief alleged herein, for preliminary and permanent injunctive relief, as hereinabove described;

2. On each and every claim for relief alleged herein, for monetary damages according to proof;

3. On each and every claim for relief alleged herein, the profits of Defendant related to its unlawful activities as described above;

4. Attorney's fees for each and every claim for relief where it is allowed by law;

5. Under the claim for relief under Iowa Unjust Enrichment law, determine the amount of the profits that have been obtained by Defendant as a consequence of its wrongful acts, as alleged above, and order disgorgement damages, by Defendant, in the amount of such profits;

6. Enhanced and statutory damages as provided by Federal law for each and every claim for relief where it is allowed by law;

7. Punitive damages as permitted under Iowa State law for each and every claim for relief where it is allowed by law;

8. On each and every claim for relief alleged herein, for its costs of suit herein; and

9. On each and every claim for relief alleged herein, for such other and further relief as this Court deems just and proper.

                Respectfully Submitted,

                RELCO LOCOMOTIVES, INC.

Date: August 14, 2017

Matthew A. Warner-Blankenship AT0011099
DAVIS, BROWN, KOEHN,
SHORS & ROBERTS, PC
215 10th St., Ste. 1300
Des Moines, Iowa 50309
Telephone: 515-288-2500

ATTORNEYS FOR PLAINTIFF